**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
CORY M. FORD, ESQ.
Nevada Bar No. 15042
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cory@lagomarsinolaw.com
*Attorneys for Plaintiff Jesus Alejandro Cadengo Saucedo*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JESUS ALEJANDRO CADENGO SAUCEDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CREATIVE PRINTING, INC., a Nevada corporation;<br><br>Defendant. | Case No.:<br><br><br><br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff JESUS ALEJANDRO CADENGO SAUCEDO, by and through his attorneys ANDRE M. LAGOMARSINO, ESQ. and CORY M. FORD, ESQ. of LAGOMARSINO LAW, hereby files the following Complaint, alleging and complaining as follows:

### JURISDICTION AND VENUE

1.      This action is brought to redress the deprivation of rights secured to Plaintiff under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3) and (4), which confer original jurisdiction upon this Court of any civil action to recover damages under any Act of Congress providing for the protection of civil rights. The Court

also has jurisdiction under 28 U.S.C. §1337 which confers jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce. Jurisdiction with this Court is also established under 29 U.S.C. § 216(b).

3.     Personal jurisdiction and venue in this District are proper under 28 U.S. § 1391 because allegations relative to the proceeding arose in this district and the parties reside in this district.

## PARTIES TO THIS ACTION

4.     At all times relevant herein, Plaintiff JESUS ALEJANDRO CADENGO SAUCEDO ("Plaintiff") was and is a resident of Las Vegas, Nevada.

5.     At all times relevant herein, Plaintiff was an employee of Defendant CREATIVE PRINTING, INC. ("Defendant").

6.     At all times relevant herein, Defendant was and is a privately owned corporation, licensed and operating in Las Vegas, Nevada.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

7.     Plaintiff incorporates and realleges Paragraphs 1 through 6 of this Complaint as fully set forth herein.

8.     Defendant is a privately owned local corporation which provides a multitude of different printing services for Las Vegas businesses, hotels, casinos, conventions, and trade shows.

9.     Plaintiff began working for Defendant ten (10) years ago as a Digital Operator and maintained this position throughout his employment with Defendant, which terminated on July 30, 2020.

10.     In this role, Plaintiff operated machines that printed text and images on various products such as banners, brochures, and business cards.

11.     Plaintiff's primary duties did not include managing the Defendant or a customarily

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864     Facsimile: (702) 383-0065

recognized department or subdivision thereof.

12.     Plaintiff did not customarily and regularly direct the work of two or more employees.

13.     Plaintiff did not have the authority to hire or fire other employees, nor were his suggestions as to hiring, firing, advancement, and the like given any weight.

14.     Plaintiff's primary duties were not to perform office or non-manual work related directly to the management or general business operations of Defendant or Defendant's customers.

15.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

16.     Plaintiff's primary duties did not require advanced knowledge in the fields of science or learning.

17.     Plaintiff's primary duties did not require invention, imagination, originality, or talent in a field of creative or artistic endeavor.

18.     Plaintiff gained his skills from on-the-job training. His work as a Digital Operator involved performing repetitive actions with his hands, physical skill, and energy.

19.     Plaintiff was initially compensated hourly. Beginning in 2015, Plaintiff began to be compensated on a salary basis of $1,505.00 bi-weekly.

20.     Upon becoming a salaried employee, the parties orally agreed that Plaintiff would work eight (8) hours per day for a total of forty (40) hours per week, or eighty (80) hours every two weeks (the "pay period").

21.     Despite this agreement, Defendant subjected Plaintiff to workdays lasting between ten (10) and twelve (12) hours. On average, Plaintiff was working one hundred (100) to one hundred five (105) hours per pay period.

22.     Plaintiff did not receive any overtime pay for the hours he worked in excess of his

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864     Facsimile: (702) 383-0065

agreed eighty (80) hour pay period throughout the duration of his **five** years as a salaried employee.

23.     While working these arduous hours, Plaintiff was often required to work up to four machines at once. If any of Plaintiff's assigned machines were not operating for an extended period of time, Plaintiff was required to stay after his shift had officially ended to make up for the lost time.

24.     From 2015 to 2020, Plaintiff was frequently not allowed lunch breaks during his 10–12 hour shifts. Plaintiff would have to eat while working up to four machines.

25.     If Plaintiff was allowed any type of break, it had to be kept as short as possible.

26.     From the beginning of Plaintiff's time as a salaried employee to the end of his employment with Defendant, he often worked one hundred (100) to one hundred five (105) hours per pay period, without breaks, and was paid a salary based on an eighty (80) hour pay period.

27.     Some employees working under Defendant were members of unions and thus protected from such by exploitation by collective bargaining agreements. Plaintiff was not one such employee, and this vulnerability was taken advantage of.

28.     Plaintiff frequently experienced these conditions until he was let go in mid-2020. Plaintiff's position was filled while he quarantined with his family when two of his children tested positive for COVID-19.

## CAUSE OF ACTION

**Defendant Owes Plaintiff Three (3) Years of Unpaid Overtime, Liquidated Damages, and Attorney Fees Pursuant to 29 U.S.C.§ 207(a), 29 U.S.C. § 216(b), and 29 U.S.C. § 255(a).**

29.     Plaintiff incorporates and realleges Paragraphs 1 through 28 as though said Paragraphs are fully set forth herein.

30.     During all relevant times, Plaintiff and the Defendant had a mutually understood and assented to oral agreement that Plaintiff would work forty (40) hours per week or eighty (80) hours per pay period.

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864     Facsimile: (702) 383-0065

31.     Defendant frequently required Plaintiff to work between one hundred (100) and one hundred five (105) hours per pay period.

32.     Plaintiff was not compensated for the time worked in excess of the mutually agreed upon hours.

33.     Defendant knowingly and willfully failed to pay the lawfully compelled overtime rate of one and one-half times the rate of the regular pay at which Plaintiff was employed, which is contrary to and in express violation of 29 U.S.C. § 207(a).

34.     Between July 30, 2017 and July 30, 2020, Plaintiff worked an extensive amount of uncompensated overtime hours. Plaintiff is owed overtime wages, compensated at one and one half times his normal wage, for these hours. Because Defendant knowingly and willfully violated 29 U.S.C. § 207, Plaintiff is also entitled to an additional equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b).

35.     As a result of the foregoing unlawful conduct on the part of the Defendant, Plaintiff has suffered and continues to suffer damages. Pursuant to 29 U.S.C. § 216, Plaintiff further seeks liquidated damages in an amount equal to the amount of compensation owed for overtime wages as a result of Defendant's willful failure to pay overtime wages.

36.     As a result of Defendant's willful violations of 29 U.S.C. § 207(a), Defendant is liable for up to three (3) years of overtime pay to Plaintiff pursuant to 29 U.S.C. § 255.

37.     Defendant is liable to Plaintiff for attorney fees pursuant to 29 U.S.C. § 216(b).

. . .

. . .

. . .

LAGOMARSINO LAW

3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864     Facsimile: (702) 383-0065

**WHEREFORE**, Plaintiff prays for a judgment in favor of Plaintiff and against Defendant as follows:

1.  For compensatory damages for overtime;

2.  For liquidated damages pursuant to 29 U.S.C. § 216; and

2.  For costs, interest and attorney fees incurred in prosecuting this action in accordance with 29 U.S.C. §§ 207(a), 216(b) and 255.

DATED this 16th day of April, 2021.

**LAGOMARSINO LAW**

ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiff Jesus Alejandro Cadengo Saucedo*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff demands a trial by jury on all issues in this action.

DATED this 16th day of April, 2021.

**LAGOMARSINO LAW**

ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiff Jesus Alejandro Cadengo Saucedo*

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864   Facsimile: (702) 383-0065